IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEXTER S. C. FARLOUGH,

      Plaintiff,                    CV F 07 1108 AWI WMW PC

      vs.                         ORDER DISMISSING COMPLAINT
                                      WITH LEAVE TO
                                      FILE AN AMENDED COMPLAINT

                                      (THIRTY DAY DEADLINE)

NICHOLAS DAWSON, et al.,

      Defendants.

Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

This action proceeds on the complaint. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Avenal State Prison, brings this civil rights action against defendant correctional officials of the CDCR.

Plaintiff's claims in this complaint relate to the adequacy of legal materials applied to prisoners. Plaintiff purports to bring this action on behalf of other similarly situate prisoners. Specifically, Plaintiff seeks to bring this as a class action pursuant to Federal Rule of Civil Procedure 23.

Plaintiff, however, is a non-lawyer proceeding without counsel. It is well established

that a layperson cannot ordinarily represent the interests of a class.  See McShane v. United States, 366 F.2d 286 (9th Cir. 1966).  This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se.  Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975).  In direct terms, plaintiff cannot "fairly and adequately protect the interests of the class," as required by Fed. R. Civ. P. 23(a)(4).  See Martin v. Middendorf, 420 F.Supp. 779 (D.D.C. 1976).  This action, therefore, will not be construed as a class action and instead will be construed as an individual civil suit brought by plaintiff.

Because Plaintiff has failed to allege facts indicating that a named defendant engaged in conduct that deprived Plaintiff of a protected interest, the complaint must be dismissed.  Plaintiff will, however, be granted leave to file an amended complaint.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

2

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's complaint is dismissed; and

2.  Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:    July 7, 2008                          /s/  William M. Wunderlich
                                        UNITED STATES MAGISTRATE JUDGE

3