# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEXTER S. C. FARLOUGH,<br><br>    Plaintiff,<br><br>    v.<br><br>NICHOLAS DAWSON, et al.,<br><br>    Defendants. | CASE NO. 1:07-cv-01108-AWI-YNP PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF MOTIONS<br><br>(Doc. 19, 23) |

Plaintiff Dexter S. C. Farlough ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On October 9, 2009, Plaintiff filed an "Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order." (Doc. 23.) The document appears to be a proposed order to be signed by the Court ordering Defendants to show cause why a preliminary injunction should not be issued against them. The Court will construe Plaintiff's pleading as a motion for preliminary injunctive relief. On June 29, 2009, Plaintiff filed a motion for default judgment. (Doc. #19.)

**I.    Discussion**

    **A.    Motion for Preliminary Injunctive Relief**

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief,

that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Winter v. Natural Resources Defense Council, Inc.</u>, 129 S. Ct. 365, 374 (2008).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 102 (1983); <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.</u>, 454 U.S. 464, 471 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. <u>Id</u>. "A federal court may issue an injunction <u>if</u> it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may <u>not</u> attempt to determine the rights of persons not before the court." <u>Zepeda v. United States Immigration Service</u>, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

The Court advises Plaintiff that his First Amended Complaint was dismissed on October 6, 2009 for failing to state any claims. Thus, not only have Defendants not been served and have not made an appearance in this action, there is no case or controversy before the Court because Plaintiff's complaint was dismissed. Therefore, the Court has no jurisdiction to issue any preliminary injunctions.

The Court also advises Plaintiff that in order to obtain preliminary injunctive relief, he must submit evidence that demonstrates that (1) he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. Plaintiff's pleading does not adequately demonstrate any of these facts. Plaintiff describes the inadequacy of the law libraries, but does not identify what irreparable harm he is likely to suffer. Plaintiff also requests an investigation regarding the contents of his central file, but it is unclear what irreparable harm he is likely to suffer absent the investigation.

Finally, the Court advises Plaintiff that with respect to motions for preliminary injunctive relief or a temporary restraining order, the Prison Litigation Reform Act ("PLRA") provides that:

> [i]n any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires

>preliminary relief, and be the least intrusive means necessary to correct that harm.

18 U.S.C. § 3626(a)(2). Thus, any request for preliminary injunctive relief must demonstrate that the relief requested is narrowly drawn, extends no further than necessary to correct the harm requiring relief, and is the least intrusive means necessary to correct that harm. Plaintiff's pleading does not demonstrate any of these factors. Therefore, the Court recommends that Plaintiff's motion be denied.

### B. Motion for Default Judgment

Plaintiff moves the Court to enter default judgement against the Defendants. Under Federal Rule of Civil Procedure 55(a) "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Plaintiff's complaint was dismissed on October 6, 2009. Further, the Court has not yet ordered any complaint to be served on Defendants. Plaintiff claims that he "served the [First Amended Complaint] to each of the persons named below at the address shown. By placing a true copy in a sealed envelope with postage fully prepaid in the U.S. mail at the institutional mailroom." (Compl. 37.) Plaintiff has not provided adequate proof that he properly served Defendants. Plaintiff does not indicate that he served Defendants with properly executed summonses along with his complaint. Further, while Plaintiff is permitted to use methods of service authorized by state law under Federal Rule of Civil Procedure 4(e)(1) and that service by mail is authorized under California law, there is no indication that Plaintiff complied with all of the requirements of California Code of Civil Procedure § 415.30 for service by mail. Mailing only a copy of the complaint does not effect proper service under California law. Plaintiff has not provided written acknowledgment from Defendants that the complaint and summons has been received, as required by California Code of Civil Procedure § 415.30(c). Plaintiff is further advised that because he has been granted in forma pauperis status, he need not attempt service on his own because, when proper, the Court will order a U.S. Marshal to effect service. Federal Rule of Civil Procedure 4(c)(3). Because Defendants have not been properly served and there is no complaint before the

///

court, Defendants have not "failed to plead or otherwise defend." Plaintiff has not demonstrated that he is entitled to default judgment and the Court recommends that Plaintiff's motion be denied.

## II.     Conclusion and Recommendations

The Court finds that Plaintiff has failed to demonstrate that he is entitled to preliminary injunctive relief or default judgment. Plaintiff's First Amended Complaint was dismissed for failing to state any claims and Plaintiff was given the opportunity to file a Second Amended Complaint. The Court is still awaiting receipt of Plaintiff's Second Amended Complaint. Thus, there is no case or controversy before the Court and the Court lacks jurisdiction to issue preliminary injunctive relief. Further, the Court has not yet screened Plaintiff's complaint and ordered service upon Defendants. Therefore, Defendants are not yet required to answer Plaintiff's complaint and Plaintiff is not entitled to default judgment.

Based on the foregoing, the court HEREBY RECOMMENDS that:

1. Plaintiff's October 9, 2009 "Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order," construed as a motion for preliminary injunctive relief, be DENIED; and

2. Plaintiff's June 29, 2009 motion for default judgment be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     October 19, 2009**                    /s/ Sandra M. Snyder
                                                                        UNITED STATES MAGISTRATE JUDGE