# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEXTER S.C. FARLOUGH, | CASE NO. 1:07-cv-01108-AWI-SKO PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CLAIMS, WITHOUT LEAVE TO AMEND |
| v. | |
| NICHOLAS DAWSON, et al., | (Doc. 25) |
| Defendants. | OBJECTIONS DUE WITHIN 30 DAYS |

Plaintiff Dexter S.C. Farlough ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California. Plaintiff is suing under Section 1983 for the violation of his rights under the First Amendment. Plaintiff names more than 50 individuals as defendants.[1] For the reasons set forth below, the Court recommends that Plaintiff's complaint be dismissed without leave to amend.

## I. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

---

[1] Plaintiff's complaint contains multiple lists of defendants that are not consistent. The first page of Plaintiff's complaint is a handwritten caption that lists nine defendants, as well as "Does 1 through 30." (Second Am. Compl. 1, ECF No. 25.) The third and fourth pages of Plaintiff's complaint are form pages that Plaintiff filled out. Under the section entitled "Defendants," Plaintiff lists over 50 names. (Second Am. Compl. 3-4, ECF No. 25.) The seventh page of Plaintiff's complaint is handwritten and under a section entitled "Parties," Plaintiff only lists the nine Defendants that Plaintiff earlier listed on the first page of his complaint. (Second Am. Compl. 7, ECF No. 25.)

1

1  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
2  monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).
3  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
4  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
5  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

6      In determining whether a complaint fails to state a claim, the Court uses the same pleading
7  standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must
8  contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.
9  R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual
10 allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me
11 accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v.
12 Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter,
13 accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550
14 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's
15 liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id.
16 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual
17 allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.
18 Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
19 statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

20 **II.    Background**
21     **A.    Procedural Background**
22     Plaintiff filed the original complaint in this action on July 30, 2007. (Doc. #1.) On July 7,
23 2008, the Court screened Plaintiff's original complaint pursuant to 28 U.S.C. § 1915A(a). The Court
24 found that Plaintiff's original complaint failed to state any cognizable claims and granted Plaintiff
25 leave to file an amended complaint. Plaintiff filed his first amended complaint on August 11, 2008.
26 (Doc. #11.) On October 6, 2009, the Court screened Plaintiff's first amended complaint. (Doc. #22.)
27 The Court dismissed Plaintiff's complaint again and granted Plaintiff leave to file a second amended
28 complaint. Plaintiff filed his second amended complaint on October 23, 2009. (Doc. #25.) This

action proceeds on Plaintiff's second amended complaint.

### B.     Factual Background

Plaintiff claims that Defendants violated his constitutional rights by denying Plaintiff access to the courts. Plaintiff contends that prison officials have a constitutional duty to provide Plaintiff with access to the law library, as well as access to adequate "paging services," current law books, up-to-date materials, and photocopying machines.

Plaintiff's claims center around the inadequacy of his access to the law library and legal materials. Plaintiff complains that he is not given sufficient time in the law library, does not have access to persons trained in the law, and does not have adequate access to the prison's "paging services." The "paging services" refer to the prison's system of providing books to prisoners when they request them. It is unclear whether Plaintiff is alleging that the paging services are inherently inadequate, or whether Plaintiff is not receiving the necessary accommodations to make meaningful use of the paging services. Plaintiff appears to argue that the system itself is inadequate because Plaintiff needs:

> . . . meaningful chan[c]e to explore the legal remedies that he might have. Legal research often requires browsing through various materials in search of inspiration; tentative theories may have to be abandoned in the course of research in the face of unfamiliar adverse precedent. New theories may occur as a result of a chance for discovery of an obscure or forgotten case. . . . It is unrealistic to expect a prisoner to know in advance exactly what materials he is going to need to consult.

(Second Am. Compl. 15, ECF No. 25.) Plaintiff also claims that the denial of physical access to the law library and the failure "to make reasonable accommodations that would enable plaintiff to use the paging system" is an "actual injury" to Plaintiff. (Second Am. Compl. 16, ECF No. 25.)

Plaintiff further alleges that Defendants do not "acknowledge" the statute of limitations under the Anti-Terrorism and Effective Death Penalty Act, although Plaintiff's allegation is unclear.

Plaintiff claims that he is a disabled prisoner who "has been classified . . . as permanent and stationary status." (Second Am. Compl. 11, ECF No. 25.) Plaintiff claims that "for the purpose of achieving effective communication," Defendants must provide Plaintiff with "reasonable accommodation(s) . . . by providing auxiliary aids and devices that can only be accessed at the prison

law library, and amongst those aids are trained persons in the law or persons who assist prisoners with learning disability[sic] . . . and hand or healthcare appliances for wrist, hand and shoulder due to impingement syndrome, carpal tunnel, and guyon's canal." (Second Am. Compl. 11, ECF No. 11.) Plaintiff complains that he was transferred to a high security prison and was not given access to "services and programs covered under ADA[sic]." (Second Am. Compl. 12.)

### III. Discussion

#### A. Access to Courts Claims

Plaintiff claims that the inadequate access to the law library and legal paging services interfered with his constitutional right of access to the courts. Prisoners have a constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) (discussing the right in the context of prison grievance procedures); Vandelft v. Moses, 31 F.3d 794, 796 (9th Cir. 1994); Ching v. Lewis, 895 F.2d 608, 609 (9th Cir. 1989) (per curiam). The right of access to the courts is derived from the Due Process Clause. Wolff v. McDonnell, 418 U.S. 539, 579 (1974). To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury, a jurisdictional requirement that flows from the standing doctrine and may not be waived. See Lewis, 518 U.S. at 349. An "actual injury" is "'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.'" Id. at 348.

Prisoners do not have a right to a law library. Lewis, 518 U.S. at 350. Prisoners have a right of access to the courts and a law library is "merely 'one constitutionally acceptable method to assure meaningful access to the courts.'" Id. at 351 (quoting Bounds, 430 U.S. at 830). "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id. Thus, allegations that a prisoner was denied access to the law library are not sufficient to state a claim for interference with access to the courts. An access-to-courts claim centers around the actual injury a prisoner suffered with respect to contemplated or existing litigation--not on the fact that the prisoner was denied time in the law library, or was removed from the law library prematurely.

Plaintiff's access-to-courts claim fails because Plaintiff has failed to allege the type of "actual injury" described in Lewis that is necessary to state a claim. Plaintiff does not allege that he suffered prejudice in any previous lawsuit, such as a dismissal that could reasonably be said to have been caused by Plaintiff's inadequate access to legal materials. Plaintiff does not describe any specific prospective claim that he was unable to litigate due to inadequate access to legal materials. Instead, Plaintiff argues that the inadequate access to the law library is in itself an "actual injury." Plaintiff's argument was expressly rejected by the Supreme Court, which stated that

> an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. . . . [an] inmate . . . must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He must show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

Lewis, 518 U.S. at 342.

Plaintiff's access-to-courts claim appears to focus on Plaintiff's inability to discover a hypothetical legal theory (that may or may not exist) because Plaintiff is unable to peruse the bookshelves of a law library. Instead of identifying a specific cause of action that Plaintiff was prevented from raising, Plaintiff contends that he suffered injury because he was unable to browse through legal materials "in search of inspiration" to discover "tentative theories" or "new theories" that might exist in some "obscure or forgotten case." Plaintiff's theory for his access-to-courts claim was expressly rejected by the Supreme Court in Lewis. The constitutional right to access to the courts does not require that the State enable a prisoner to discover grievances. Lewis, 518 U.S. at 354. "To demand the conferral of such sophisticated legal capabilities upon a mostly uneducated and indeed largely illiterate prison population is effectively to demand permanent provision of counsel, which we do not believe the Constitution requires." Id. Thus, Plaintiff cannot raise an access-to-courts claim based on his inability to discover some hypothetical legal theory by perusing through legal books. Plaintiff fails to state a cognizable access-to-courts claim under Section 1983.

The Court dismissed Plaintiff's access-to-courts claims on two previous occasions. Plaintiff was specifically informed that he cannot establish a relevant actual injury simply by alleging that the prison's law library or legal assistance program was deficient. (Order Dismissing Compl. With Leave To File Am. Compl. Within 30 Days 3:24-5:6, ECF No. 22.) Plaintiff has failed to amend his complaint in a way that meaningfully addresses the deficiencies identified by the Court. The Court will recommend that Plaintiff's complaint be dismissed without leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave to amend should be granted even if no request to amend was made unless the court determines that the pleading could not possibly be cured by the allegation of other facts); Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992)(dismissal with prejudice upheld where court had instructed plaintiff regarding deficiencies in prior order dismissing claim with leave to amend); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment).

**B.    Eighth Amendment Claims**

Plaintiff claims that the inadequate access to the law library and other legal assistance services violated his rights under the Eighth Amendment. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S.

at 302-303). A prison official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

Plaintiff attempts to characterize his access-to-courts claim as an Eighth Amendment claim by concluding that the allegedly inadequate access to the law library and legal assistance services was cruel and unusual. Plaintiff's allegations do not touch upon the type of substantive rights guaranteed by the Eighth Amendment. Inadequate access to the law library cannot reasonably be characterized as the denial of the minimal civilized measure of life's necessities. The Eighth Amendment protects Plaintiff from deliberate indifference to his health or safety and nothing in Plaintiff's complaint plausibly supports the conclusion that the inadequate access to the law library endangered his health or safety.

Further, Plaintiff's alleged law library and access to the courts "injuries" are more explicitly addressed by the legal standards set forth in Lewis, compared to the less explicit protection of the Cruel and Unusual Punishments Clause of the Eighth Amendment. Therefore, Plaintiff's claim is more appropriately construed as an access to courts claim rather than an Eighth Amendment claim. See Graham v. Connor, 490 U.S. 386, 394 (1989) (validity of a claim must be judged by reference to the specific constitutional standard which governs that right, rather than some more generalized standard). Plaintiff fails to state any cognizable claims under the Eighth Amendment. The Court further finds that the deficiencies in Plaintiff's Eighth Amendment claims are not capable of being cured by granting further leave to amend.

### D. Americans with Disabilities Act Claims

Plaintiff also makes reference to the fact that he is a disabled prisoner and that Defendants failed to provide reasonable accommodations for his disabilities to give him access to legal materials, using language relevant to claims under the Americans with Disabilities Act ("ADA"). It is unclear whether Plaintiff is attempting to raise separate claims based on these allegations. The Court notes that Plaintiff's original complaint only raised claims premised on the alleged inadequacy of the prison's law library services and did not mention Defendants' failure to accommodate Plaintiff's

7

disabilities. The Court notes that in the previous screening order, Plaintiff was told not the raise any new, unrelated claims to his second amended complaint. (Order Dismissing Complaint, With Leave To File Am. Compl. Within 30 Days 9:1-3, ECF No. 22.) Accordingly, the Court will recommend that Plaintiff's claims be dismissed without leave to amend.[2]

## IV.  Conclusion and Recommendation

Plaintiff's complaint fails to state any claims upon which relief can be granted. Plaintiff was previously informed of the deficiencies in his claims and his second amended complaint fails to meaningfully address the deficiencies identified by the Court. The Court finds that the deficiencies in Plaintiff's claims are not capable of being cured by further amendment of Plaintiff's complaint. Accordingly, it is HEREBY RECOMMENDED that Plaintiff's claims be DISMISSED, without leave to amend.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District

///

///

---

[2] The Court also notes that Plaintiff's ADA claims are inadequately plead. Plaintiff alleges that he has a disability ("permanent and stationary status"), but it is unclear how he was excluded from the participation in the prison's services, programs or activities by reason of his disability. See Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002) (setting forth legal standards for ADA claims). Plaintiff vaguely alleges that he was not "accommodated" because he was not given assistance from a person trained in the law. It is unclear how access to a person trained in the law is relevant to Plaintiff's disability. Plaintiff's lack of legal training is not a disability within the meaning of the ADA. See 42 U.S.C. § 12102 (defining "disability"). Plaintiff also complains that he was not given access to "appliances" to help prevent his hand from locking up when he is writing. However, Plaintiff provides no explanation as to how this is an ADA matter. Plaintiff has not alleged that the prison's failure to provide him with some sort of "appliance" caused Plaintiff to be excluded from participating in some service, program or benefit that the prison provided to other non-disabled prisoners. It is further unclear how Plaintiff's hand locking up is related to his alleged disability of being on "permanent and stationary status." It is also noteworthy that Plaintiff was apparently able to draft 58 dense pages of handwritten complaint despite Defendants' alleged failure to provide Plaintiff with the handwriting "appliance."

Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     July 15, 2010**                          /s/ Sheila K. Oberto
                                       UNITED STATES MAGISTRATE JUDGE